IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK BROCKSMITH,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF ILLINOIS et al.,<br><br>                Defendants. | **ORDER TO SHOW CAUSE &<br>MEMORANDUM DECISION**<br><br><br>Case No. 2:17-CV-251-DB<br><br>District Judge Dee Benson |

On March 12, 2018, the Court screened Plaintiff's Complaint and ordered him to file an amended complaint to cure deficiencies before further pursuing his claims. Plaintiff responded with a note, stating that he is trying to find a lawyer and he would be moving. That said, Plaintiff still must comply with the Court's Order to file an amended complaint to proceed further with this action. To help Plaintiff do so properly, the Court repeats its prior guidance to Plaintiff:

### A. Deficiencies in Complaint

Complaint:

(1) is illegible.

(2) appears to name states as defendants which is in violation of governmental immunity principles. (See below.)

(3) may have elements of a habeas-corpus action, which elements should be stated in a habeas-corpus petition in a separate case, if at all.

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4

(10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

### • State Immunity

Regarding claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them. *See id.* at *9.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days show cause why this action should not be dismissed because of his failure to cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file an amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 29th day of May, 2018.

BY THE COURT:

JUDGE DEE BENSON
United States District Court